UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEXTER FORD,  
    Plaintiff

vs

STEWART WILCOX, et al.,  
    Defendants

Case No. 1:11-cv-198

Weber, J.

REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Pickaway Correctional Institution in Orient, Ohio, brings this action against General Motors and GM President Stewart Wilcox. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly

incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Plaintiff alleges that back in the early 1980s, he provided defendant Stewart Wilcox and General Motors the designs and photos for 17,350 new automobiles which were eventually produced and manufactured by General Motors. In exchange, plaintiff was awarded a certificate and promised financial compensation. Plaintiff alleges he was never paid for his designs and photos. He seeks monetary relief.

This is the second lawsuit plaintiff has filed in the Southern District of Ohio alleging the identical claim. *See Dexter Ford v. General Motors*, Case No. 2:10-cv-803 (S.D. Ohio).[1] Plaintiff's complaint in the Eastern Division of the Court was dismissed as frivolous. (*Id.,* Doc. 7).

Plaintiff's complaint in the instant case is likewise frivolous. In addition, an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive of the judicial process and dismissed as "malicious" under the authority of 28 U.S.C. § 1915(e)(2)(B)(i). *See McWilliams v. State of Colorado*, 121 F.3d 573, 574 (10th Cir. 1997); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). *See also Peoples v. Reno*, 230 F.3d 1359 (6th Cir. 2000)(unpublished), 2000 W.L. 1477502,

---

[1] In that case, the Court noted plaintiff had actually submitted four complaints, and although the wording of each differed, each complaint asserted essentially the same claim. *See Ford v. General Motors*, No. 2:10-cv-803 (Doc. 5).

**1; *Butts v. Wilkinson*, 145 F.3d 1330 (6th Cir. 1998) (unpublished), 1998 WL 152778, *1. The Court may look to its own records to determine whether a complaint repeats prior claims. *See Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Spencer v. Rhodes*, 656 F. Supp. 458, 460 (E.D.N.C.), *aff'd*, 826 F.2d 1061 (4th Cir. 1987).  Because plaintiff seeks to raise identical claims in this action as previously disposed of in *Dexter Ford v. General Motors*, Case No. 2:10-cv-803 (S.D. Ohio), plaintiff's claims against the defendants should be dismissed with prejudice as "malicious" within the meaning of  28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly, the Court concludes that plaintiff's complaint should be dismissed on the grounds that it is frivolous and malicious.  *See* 28 U.S.C. §§1915(e)(2)(B) and 1915A(b).

### IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's complaint be dismissed with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


Date: 4/7/2011                                                s/Karen L. Litkovitz
                                                              Karen L. Litkovitz, Magistrate Judge
                                                              United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEXTER FORD,
    Plaintiff

vs

STEWART WILCOX, et al.,
    Defendants

Case No. 1:11-cv-198

Weber, J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).